UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. Case No: 2:22-cr-36-SPC-NPM

PEDRO SERGIO PELAEZ
GUTIERREZ

---

**OPINION AND ORDER**

Before the Court are the United States Probation Office's Memorandum (Doc. 229), Defendant Pedro Sergio Pelaez Gutierrez's pro se Motion for Retroactive Application of Sentencing Guidelines (Doc. 228), and Defendant's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 248).

In September 2023, the Court imposed a 72-month sentence (48 months as to Counts 1, 8, 9, 13, 14, 17, 18, and 42, each count to run concurrently, and 24 months as to Counts 33, 35, and 36, each count to run concurrently with each other but consecutive to all other counts (Counts 1, 8, 9, 13, 14, 17, 18, and 42)), followed by 3 years of supervised release (3 years as to Counts 1, 8, 9, 13, 14, 17, 18, and 42, and 1 year as to Counts 33, 35, and 36, all terms to run concurrently to each other) for wire fraud, identity theft, money laundering, and conspiracy. (Doc. 166). Defendant is eligible, however, for a sentence reduction under 18 U.S.C. § 3582(c)(2), USSG § 1B1.10, and Amendment 821.

Under Amendment 821B, "defendants who did not receive any criminal history points under Chapter Four, Part A [of the Sentencing Guidelines] and whose instant offense did not involve specified aggravating factors" are eligible for a decrease of two levels from their calculated offense level. *See* USSG § 1B1.10, comment. (n.7) (2023).

At the original sentencing hearing, Defendant's total offense level for Counts 1, 8, 9, 13, 14, 17, 18 and 42 was a 23, criminal history I, with zero criminal history points, for a sentencing range of 46–57 months. The Court imposed a 48-month sentence as to Counts 1, 8, 9, 13, 14, 17, 18, and 42. Defendant was also sentenced to a consecutive term of imprisonment as to Counts 33, 35, and 36. The two-year sentence on counts 33, 35 and 36 are concurrent to each other, but consecutive to Counts 1, 8, 9, 13, 14, 17, 18, and 42. The application of the two-level reduction, under Amendment 821B, does not impact the sentences imposed for Counts 33, 35 and 36.

With the application of a two-level reduction, Defendant's new total offense level would be a 21, criminal history I, for a sentencing range of 37–46 months imprisonment for Counts 1, 8, 9, 13, 14, 17, 18, and 42. Defendant requests that the Court reduce his sentence to 39 months of imprisonment as to Counts 1, 8, 9, 13, 14, 17, 18, and 42.

After considering Probation's Memorandum and the parties' recommendation against the record and applicable law, the Court will reduce

Defendant's sentence as requested under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. The Court thus grants Defendant's Unopposed Motion.

Accordingly, it is

**ORDERED**:

1. Defendant's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 248) is **GRANTED**.
2. Defendant Pedro Sergio Pelaez Gutierrez's pro se Motion for Retroactive Application of Sentencing Guidelines (Doc. 228) is **MOOT**.
3. Defendant's sentence is reduced to 39 months of imprisonment as to Counts 1, 8, 9, 13, 14, 17, 18, and 42 or time served, whichever is greater. The two year consecutive sentence as to Counts 33, 35 and 36 shall remain undisturbed.

**DONE and ORDERED** in Fort Myers, Florida on November 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record